11-4568-cv
Simms v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand twelve.

Present:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER
> > *Circuit Judges.*

_____

REGINALD SIMMS,

*Plaintiff-Appellant*

v.                                                                          No. 11-4568-cv

THE CITY OF NEW YORK, JOHN DOE and JANE DOE, the names of the last defendants being fictitious, the true names of the defendants being unknown to the plaintiff

*Defendants-Appellees.*[1]

_____

For Plaintiff-Appellant:             UGOCHUKWU UZOH, Brooklyn, N.Y.

For Defendants-Appellees:         DONA B. MORRIS, Assistant Corporation Counsel
                                                 (Pamela Seider Dolgow and Brian J. Farrar, Assistant
                                                 Corporation Counsel, *on the brief*), *for* Michael A.
                                                 Cardozo, Corporation Counsel of the City of New
                                                 York, New York, N.Y.

_____

[1] The Clerk of the Court is directed to amend the caption as noted.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Reginald Simms appeals from a September 28, 2010 judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*), following a September 27, 2010 Memorandum and Order granting the motion of Defendant-Appellee The City of New York (the "City") to dismiss Simms's Amended Complaint ("Complaint"). In his Complaint, Simms contends that he was falsely arrested for burglary by two unidentified City police officers and maliciously prosecuted based on lies that those police officers told prosecutors at the Kings County District Attorney's Office regarding Simms's conduct. We presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *S. Cherry Street, LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 103 (2d Cir. 2009). To state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* In assessing whether a plaintiff has succeeded in stating a facially plausible claim for relief, we must accept all non-conclusory

2

factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).

With these principles in mind, we turn to assessing whether Simms has adequately stated a malicious prosecution claim against the City under 42 U.S.C. § 1983.[2] "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007) (brackets and internal quotation marks omitted); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Accordingly, "a municipality cannot be made liable [under § 1983] by application of the doctrine of *respondeat superior*." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). Instead, the plaintiff must "demonstrate that, through its deliberate conduct, the municipality [itself] was the moving force behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted).

A municipality may be held liable under § 1983 for its failure to train or adequately supervise its employees "only where the failure to train amounts to deliberate indifference to the

---

[2] This is Simms's only remaining federal claim on appeal, as Simms's counsel conceded below that his claims against the individual officers, as well as his claims for false arrest against both the individual officers and the City, are time-barred. In addition, Simms does not dispute on appeal the district court's holding that his malicious prosecution claim relates solely to the conduct of the arresting officers in allegedly lying to the prosecutors, and not to the conduct of the prosecutors themselves, *Simms v. The City of N.Y.*, No. 10 Civ. 3420, 2011 WL 4543051, at *2 (E.D.N.Y. Sept. 28, 2011). *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (issues not argued in the briefs are considered waived and will not be addressed on appeal).

rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). As described recently by the Supreme Court:

> [D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. . . .
>
> A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train. . . . Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.

*Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (internal citations and quotation marks omitted).

Here, Simms includes in his Complaint three factual allegations in support of his contention that his alleged malicious prosecution resulted from the City's "fail[ure] to properly train, supervise or discipline its police officers." J.A. 20. First, Simms alleges that a City police official publicly confirmed that City police "commanders are permitted to set 'productivity goals.'" J.A. 21. Second, Simms cites to the decision of another district court in this Circuit in which the court held that the plaintiffs in that case had adequately pled a § 1983 claim for municipal liability based, in part, on "anecdotal evidence" that City police officers engage in "widespread falsification" of evidence. *See* J.A. 21 (citing *Colon v. City of N.Y.*, Nos. 09 Civ. 8 and 09 Civ. 9, 2009 WL 4263362, at *2 (E.D.N.Y. Nov. 25, 2009)). Third, Simms alleges that, in November 2007, several months after the incident giving rise to the instant action, he was again falsely arrested and maliciously prosecuted by City police officers. J.A. 21-22 (also noting

4

that this second incident is the subject of a separate § 1983 action that was being litigated in the District Court for the Eastern District of New York at the time of the Complaint's filing).

We agree with the district court in concluding that this is insufficient factual material to "allow[] [a] court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949. First, the connection between the City allowing its police commanders to set "productivity goals" and deficiencies in police training that lead to malicious prosecution is far from obvious, and Simms makes no effort to delineate the connection in his Complaint or in his briefs on appeal.[3] Second, Simms's citation of an unrelated action, in which another district court addressed the sufficiency under Fed. R. Civ. P. 12(b)(6) of a separate complaint premised on a different set of factual allegations, does not support an inference that Simms's injuries were caused by the City's failure to train its employees. As the district court in this action noted, "[n]either the judge nor a jury found as a fact that the City employed harmful practices or policies" in the other action. *Simms*, No. 10 Civ. 3420, 2011 WL 4543051, at *3. Accordingly, all that the Complaint's reference to the other action establishes is that other individuals have plausibly alleged that they experienced similar violations of their constitutional rights as Simms alleges here, not that those violations actually occurred. Finally, Simms's contention that he was subsequently falsely arrested and maliciously prosecuted a second time does not support an inference that the incident at issue in the instant action resulted from the City's failure to train its police officers. As the Supreme Court has made clear,

---

[3] Critically, Simms does not contend that the City's allowance of police productivity goals is itself an unconstitutional policy. Instead, Simms contends that we can infer from the existence of productivity goals that the City has training deficiencies that led to his malicious prosecution.

5

"contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide notice to the city and the opportunity to conform to constitutional dictates." *Connick*, 131 S.Ct. at 1360 n.7 (internal quotation marks and brackets omitted).

For the foregoing reasons, we conclude that Simms's Complaint fails to set forth sufficient factual material to support a reasonable inference that Simms's injuries resulted from the City's failure to train its employees.[4]

We have considered all of Simms's other arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[4] Simms argues that the mere conclusory allegation that the City failed to train its officers, without any supporting factual material, is sufficient to state a plausible claim for municipal liability under § 1983. While it may be true that § 1983 plaintiffs cannot be expected to know the details of a municipality's training programs prior to discovery, *see Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 130 n.10 (2d Cir. 2004) ("It is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage."), this does not relieve them of their obligation under *Iqbal* to plead a facially plausible claim. There are a number of ways that plaintiffs can plausibly allege a § 1983 claim for municipal liability premised on a failure to train theory without having detailed knowledge of a municipality's training programs. For example, plaintiffs can meet their pleading obligations in this respect by alleging facts indicating "[a] pattern of similar constitutional violations by untrained [municipal] employees," *Connick*, 131 S. Ct. at 1360. No such facts are alleged here.